# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**GLENDA ANN JACKSON**                                                    **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 2:18-cv-73-KS-MTP**

**COMMISSIONER OF SOCIAL SECURITY**                           **DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiff Glenda Ann Jackson brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security Administration denying her claim for disability insurance benefits. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that Defendant's Motion to Affirm [12] be GRANTED, the Commissioner's final decision be AFFIRMED, and this action be DISMISSED.

## PROCEDURAL HISTORY

On February 7, 2014, Plaintiff applied for disability insurance benefits, alleging disability due to a back impairment, carpal tunnel syndrome, anxiety, depression, obesity, and neck problems. (Administrative Record [10] at 348-55). After the agency denied Plaintiff's claim, an Administrative Law Judge ("ALJ") held a hearing, and on April 28, 2017, the ALJ issued a decision finding that Plaintiff was not disabled. ([10] at 19-27). Plaintiff then appealed the ALJ's decision to the Appeals Council. On February 21, 2018, the Appeals Council found that the issues submitted for review did not provide a basis for changing the ALJ's decision, rendering the ALJ's decision the final decision of the Commissioner. ([10] at 5-7). Plaintiff now seeks judicial review in this Court under 42 U.S.C. § 405(g).

## ADMINISTRATIVE LAW JUDGE'S DECISION

In his April 28, 2017 decision, the ALJ applied the five-step sequential analysis set forth in 20 C.F.R. § 404.1520(b)-(f)[1] and determined that Plaintiff was not disabled. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after November 15, 2013, her alleged disability onset date. ([10] at 21).

At step two, the ALJ found that Plaintiff's back impairment was severe. Additionally, the ALJ determined that the following medically determinable impairments were not severe: anxiety, carpal tunnel syndrome, depression, obesity, and neck problems. ([10] at 21). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. ([10] at 23).

The ALJ then examined the record and determined that Plaintiff had the residual functional capacity ("RFC")[2] to "perform the full range of light work as defined in 20 C.F.R.

---

[1] This analysis requires the ALJ to make the following determinations:
  (1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);
  (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
  (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);
  (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
  (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, then the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520, 416.92. The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Legget v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[2] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

404.1567(b) and 416.967(b),[3] except the claimant can rarely climb ladders, ropes, or scaffolds, she can frequently climb ramps and stairs, and can frequently stoop, crouch, kneel, and crawl." ([10] at 23). At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a work order processor. Accordingly, the ALJ found that Plaintiff was not disabled. ([10] at 27).

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id.* (citations omitted).

However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b) and 416.967(b).

A court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders*, 914 F.2d at 617. Moreover, "[p]rocedural perfection in administrative proceedings is not required as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)).

## ANALYSIS

Plaintiff raises two issues for review: (1) whether the ALJ erred by failing to apply the "*de minimis*"[4] step two standard with respect to Plaintiff's medically determinable impairment of carpal tunnel syndrome, and thereafter, further erred by not accounting for it in his ultimate RFC finding and (2) whether the ALJ erred by failing to consider Plaintiff's work history as part of his credibility assessment.

***Issue 1: Whether the ALJ erred by failing to apply the de minimis step two standard with respect to Plaintiff's medically determinable impairment of carpal tunnel syndrome, and thereafter, further erred by not accounting for it in his ultimate RFC finding.***

Plaintiff argues that the ALJ erred by failing to apply the correct standard at step two, by failing to consider all the medical records and Plaintiff's testimony regarding her carpal tunnel syndrome, and by failing to account for limitations related to carpal tunnel syndrome in Plaintiff's RFC.

Plaintiff first argues that the standard for determining the severity of an impairment was not correctly applied. The ALJ's opinion, however, states that an impairment is not severe "when

---

[4] Plaintiff uses *de minimis* to describe what she suggests is a relatively low standard for an impairment being classified as "severe" as outlined in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). [11] at 6.

4

medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." ([10] at 20). This standard is compliant with both the Code of Federal Regulations and Fifth Circuit precedent. *See* 20 C.F.R. §§ 404.1522 and 416.922; *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

If the record indicates that the ALJ applied this stated standard and there is substantial evidence in the record that supports the ALJ's decision, the Court must affirm. This Court's oversight role does not allow it to re-weigh the evidence. Indeed, "even if the evidence preponderates against" the Commissioner's decision, the Court may not reverse or remand if the correct legal standard was applied and supported by substantial evidence. *Harrell*, 862 F.2d at 475.

Beyond Plaintiff's own testimony, much of the evidence presented in support of Plaintiff's first argument is found in the medical opinions of her treating physician, Dr. Moses Young. While medical opinions, especially by treating physicians, are generally given significant or controlling weight, an ALJ may give little weight or even disregard such opinions when good cause is shown. *Perez v. Barnhart*, 415 F.3d 457, 466 (5th Cir. 2005). Good cause for disregarding medical opinions may include "statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). Conflicts in the evidence, including in medical opinions, are to be resolved by the commissioner and not the courts. *Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987).

Included in these medical records were various treatments; a 3/5 score on two tests of wrist flexion, wrist extension, and finger abduction; and a finding that Plaintiff "is presently ill

and disable[d] to perform gainful employment." ([10] at 372-91). The ALJ found that Dr. Young's opinion was brief and conclusory and therefore afforded it little weight. This finding is supported by Dr. Young's own statement that there had been "no diagnostic tests to prove the severity of her symptoms or her functional limitations" and that he would defer to a "physician who specializes in physical medicine…." ([10] at 381).

There is additional evidence that supports the ALJ's finding that, while Plaintiff's carpal tunnel is a medically determinable impairment, it has no more than a minimal effect on Plaintiff's ability to work and is, thus, not severe. First, Dr. Lan Zhou, a consultative examiner, tested Plaintiff's wrist flexion, wrist extension, and finger abduction. The results of this test were a 5/5 score, indicating that Plaintiff had fully intact grip strength and full range of motion. ([10] at 25). This 5/5 score on the wrist flexion and finger abduction test contradicts her earlier 3/5 score with Dr. Young. Second, Plaintiff testified during her hearing that she was able to control the pain and swelling in her arms through therapy and wearing a band over her arm. ([10] at 72-73). "If an impairment reasonably can be remedied or controlled by medication or therapy, it cannot serve as a basis for a finding of disability." *Sanchez v. Astrue*, 265 Fed.Appx. 359, 361 (5th Cir. 2008) (citing *Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988)). Third, Plaintiff can regularly complete household tasks involving the use of her hands, including cooking, cleaning, and laundry. ([10] at 73). Therefore, the ALJ had good cause to afford little weight to the opinions presented by Dr. Young. These pieces of evidence, considered together, constitute substantial evidence in support of the ALJ's decision that Plaintiff's carpal tunnel would only have a minimal effect on her ability to work.

Additionally, if any error occurred in the determination that Plaintiff's carpal tunnel was not severe, it would be harmless because the ALJ's analysis continued to the fourth step. *Adams*

*v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987) (holding that because the non-disability ruling "did not depend upon a conclusion of the 'non-severity' of [claimant's] condition" a mistake at step two did not warrant remand). *See also Minor v. Astrue*, 2014 WL 936438, at *5 (S.D. Miss. Mar. 10, 2014); *Jones v. Astrue*, 851 F.Supp.2d 1010, 1015-18 (N.D. Tex. 2012) ("[T]he *Stone* 'remand' directive did not do away with the Fifth Circuit's harmless-error policy…."). As discussed below, the ALJ continued to consider the evidence relating to Plaintiff's carpal tunnel throughout the remaining steps.

Plaintiff also argues that the ALJ failed to properly consider Plaintiff's carpal tunnel in his RFC finding. In support, Plaintiff cites 20 C.F.R. § 404.1545, which states that all impairments, including those classified as not severe, must be considered when formulating an RFC. This argument is not well taken. The ALJ states multiple times through his step four analysis that he has considered all Plaintiff's impairments, including those classified as not severe. Two of the three hypotheticals posed by the ALJ to the vocational expert include limitations in "feeling, grasping, and fingering." ([10] at 92-93). These hypotheticals indicate the ALJ's continued consideration of Plaintiff's carpal tunnel. As previously mentioned, the ALJ specifically addressed the medical finding concerning the limitation in her hands in his RFC analysis. ([10] at 25-26).

The ALJ's finding at step two was therefore supported by substantial evidence and the record indicates the ALJ properly considered all limitations resulting from any of Plaintiff's medically determinable impairments, including carpal tunnel, in his RFC analysis.

***Issue 2: Whether the ALJ erred by failing to consider Plaintiff's work history as part of his credibility assessment.***

To determine a claimant's RFC, an ALJ will consider descriptions and observations of the claimant's limitations provided by the claimant, family, or other persons. *See* 20 C.F.R. §

7

404.1545(a). Social Security Regulations prescribe a two-step process for evaluating subjective complaints of pain and other symptoms. *See* 20 C.F.R. § 416.929; SSR 16-3p. The first step requires the ALJ to consider whether there is a medically determinable physical or mental impairment that could reasonably produce the claimant's pain. If the claimant meets this burden, the ALJ will proceed to the second step. Step two requires the ALJ to determine the "intensity, persistence, or limiting effect" of the alleged symptoms to determine the extent to which they limit the claimant's functional limitations.

Plaintiff argues the "Agency's policy set forth in 20 C.F.R. § 404.1529(c)(3) and SSRs 96-8p and 16-3p requires that a claimant's exemplary work history be considered as part of credibility assessment." ([11] at 13). Plaintiff argues that the ALJ did not explicitly address prior work history in his determination concerning Plaintiff's subjective complaints. The regulation states, "[w]e will consider all of the evidence presented, including information about prior work record, your statements about your symptoms, evidence submitted by your medical sources, and observations by our employees and other persons." C.F.R. § 404.1529(c)(3).

"[A] factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence." *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). In the ALJ's evaluation of Plaintiff's credibility he found as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to produce the above alleged symptoms, however, the claimant' statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence.

([10] at 24). The ALJ considered three separate medical opinions as well as the opinion of state agency consultants. ([10] at 25). He also considered the statement and testimony of Plaintiff and her sister. ([10] at 26).

The ALJ found that Plaintiff's alleged daily activities were not entirely consistent with her allegations of totally disabling physical and mental symptoms and limitations. ([10] at 24). Some of these daily activities included household chores, shopping for several hours, attending church twice a week, dancing, riding a bicycle, walking, and running. ([10] at 24). After considering all of the evidence, the ALJ found the subjective complaints and alleged limitations were not fully persuasive. ([10] at 26).

Although the ALJ did not explicitly address Plaintiff's prior work history while evaluating her subjective complaints, the record demonstrates the ALJ questioned Plaintiff about her work history. During his examination of the claimant, the ALJ specifically questioned Plaintiff about her prior employment as a work order processor for the City of Vicksburg as well as her employment at Bank One in Akron, Ohio. ([10] at 69-72). The ALJ also reviewed Plaintiff's Work History Report, which details her previous jobs. ([10] at 204-10). The ALJ specifically discussed her previous work history at step four of his analysis. ([10] at 26-27). Moreover, the ALJ stated,

> As required by SSR 96-8p, the residual functional capacity has been assessed based on all the evidence with consideration of the limitations and restrictions imposed by the combined effects of all the claimant's medically determinable impairments.
>
> In making this assessment, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 96-4p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927.

([10] at 23). Considering the record as a whole, this statement was sufficient to establish that the ALJ considered all relevant evidence. *See Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir. 1981) ("We have no reason to question the ALJ's general statement" that he considered all of the evidence); *Gaultney v. Weinberger*, 505 F.2d 943, 945-46 (5th Cir. 1974) ("we see no reason to question the Judge's statement" that he considered all of the evidence).

Next, Plaintiff implies that her exemplary work history must be considered as a "highly relevant" credibility factor. ([11] at 14). However, "the language of 20 C.F.R. § 404.1529(c)(3) does not mandate that special significance be attributed to a claimant's work history." *Crain v. Colvin*, C.A. No. 1:14-cv-144-HSO-JCG, 2016 WL 4471662, at *6 (S.D. Miss. Aug. 1, 2016), *report and recommendation adopted*, 2016 WL 4471882 (S.D. Miss. Aug. 24 2016); *see also Sanchez v. Berryhill*, 2017 WL 2117526, at *9 (S.D. Miss. Mar. 31, 2017); *McGee v. Astrue*, 2012 WL 7456174, at *8-9 (W.D. La. Nov. 26, 2012). While the ALJ is required to consider all of the evidence presented, he was not required to consider her prior work history as an enhanced credibility factor. The ALJ gave sufficient reasons for his findings, and the ALJ's decision is supported by substantial evidence.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned finds that the Commissioner's decision is supported by substantial evidence and that no reversible error of law was committed by the ALJ. Accordingly, the undersigned recommends that:

1. Defendant's Motion to Affirm [12] be GRANTED,

2. The Commissioner's final decision be AFFIRMED, and

3. This action be DISMISSED.

**NOTICE OF RIGHT TO REJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 1st of August 2019.

/s/ Michael T. Parker
United States Magistrate Judge